### In re the MARRIAGE OF Adam SMITH, Appellant,

### and

### Edna Louise Smith, Respondent.

### No. 46067.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 24, 1983.

Jack F. Allen, St. Louis, for appellant.

Bertram Cooper, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Former husband appeals from a decree of dissolution of marriage. We affirm as modified.

On appeal, the husband alleges that the trial court erred in (1) dividing the marital property, (2) ordering that appellant pay the marital debts, and (3) ordering appellant to continue his employment.

After reviewing the record, we find no error in the division of the marital property. An extended opinion on this issue would have no precedential value, and so we affirm that portion of the decree in accordance with Rule 84.16(b).

Appellant complains in his second point that the trial court was without authority to allocate payment of the marital debts. Although the trial court is not required to do so, allocation of the marital

debts between the parties is the better practice because it serves to alleviate future dissention. *N.J.W. v. W.E.W.,* 584 S.W.2d 148, 151 (Mo.App.1979); *see Conrad v. Bowers,* 533 S.W.2d 614, 623 (Mo.App.1975). Furthermore, the existence and extent of marital debt and who will be responsible for payment are factors considered by the trial court in establishing a fair division of the marital assets. *In re the Marriage of Kluba,* 627 S.W.2d 920 (Mo.App.E.D.1983). Appellant's complaint is without merit.

■ Appellant's third point is well taken. It is well settled that a court of law cannot compel a person to continue with his employment. *See Clyatt v. United States,* 197 U.S. 207, 215–218, 25 S.Ct. 429, 430–31, 49 L.Ed. 726 (1905); *Shaw v. Fisher,* 113 S.C. 287, 102 S.E. 325, 326–327 (S.C.1920); *Philadelphia Ball Club v. Lajoie,* 202 Pa. 210, 51 A. 973, 975 (Pa.1902); *Kemp v. Division No. 241, Amalgamated Ass'n of Street and Electric Ry. Employees of America,* 255 Ill. 213, 99 N.E. 389, 392 (Ill.1912). Therefore, the decree is modified to eliminate that provision.

The judgment of the trial court is affirmed as modified.[1]

REINHARD and CRIST, JJ., concur.

---

1. Respondent's request for damages for frivolous appeal is denied.