**In re the Marriage of Eloise HOPKINS, Respondent,**

v.

**Jasper F. HOPKINS, Appellant.**

**No. 46736.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 17, 1984.

Kenneth H. Graeber, St. Louis, for appellant.

Ellen F. Watkins, St. Louis, for respondent.

CRANDALL, Judge.

This is an appeal from the grant of a decree of legal separation. The judgment entered in this case resulted from the imposition of sanctions, pursuant to Rule 61.-01(b), against appellant-husband. Therefore, it is not a default judgment in the ordinary sense but is treated as a judgment upon trial by the court. *Portell v. Portell,* 643 S.W.2d 18 (Mo.App.1982). We affirm in part and reverse and remand in part.

On appeal the husband does not contest the trial court's imposition of sanctions. Rather he alleges that the trial court's division of marital property and its award of child support and attorney's fees to the respondent-wife lacked an evidentiary basis.

We address first the question of the award of child support. Respondent-wife was granted the primary care, custody, and control of the two minor children and awarded $350 per child per month for child support. The specific issue raised is whether there was sufficient evidence of appellant's ability to pay the child support award.

It is the duty of the court in setting the amount of child support to determine the reasonable needs of the children

**274**

and the reasonable ability of the father to meet those needs. *In re Marriage of Pine,* 625 S.W.2d 942, 945 (Mo.App.1981). Of the six factors listed in § 452.340, RSMo (1978), the financial resources of the non-custodial parent is the prime factor. *Metts v. Metts,* 625 S.W.2d 896 (Mo.App.1981).

There was no evidence adduced at trial concerning appellant's income. When asked about her husband's financial resources, respondent testified: "Well, I don't have definite information as far as my husband's finances. So its just what I feel. So I'm not certain."

Respondent tacitly concedes the paucity of her testimony but argues that appellant's ability to pay $700 per month in child support can be inferred from an earlier pendente lite award, when he apparently consented to an order which obligated him to pay more than $700 per month in child support and other expenses, and from *the filing* of his income and expense statement at a hearing on his post-trial motion. Respondent's argument must fail. There is no evidence in the record which indicates that the trial court considered the earlier pendente lite award. The income and expense statement of appellant was not received into evidence but was simply filed with the court. The mere filing of a document does not put it before the court as evidence. *See e.g. Gambino v. Gambino,* 636 S.W.2d 81 (Mo.App.1982). In addition the record does not indicate that the document was ever considered by the court.

We therefore hold that the award of $700 per month child support lacked an evidentiary basis only as to the father's ability to pay. *In re Marriage of Maupin,* 600 S.W.2d 686, 690 (Mo.App.1980). Our holding is compelled by statute and case law despite the fact that appellant's failure to comply with the rules of discovery was, in part, the reason for the evidentiary deficiency.

We have reviewed the record and considered appellant's other contentions. Within the scope of review prescribed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), we find no error. An extended opinion on these points would have no precedential value. That portion of the decree is affirmed in accordance with Rule 84.16(b).

As a final point, the record shows that two items of marital property, a $5,000 U.S. Savings Bond and some stock valued at $2,000, were not distributed by the original decree. The failure to distribute this property does not affect the decree's validity or finality for the purposes of our review. *Schulz v. Schulz,* 612 S.W.2d 380 (Mo.App. 1980). The court should, however, in the proceedings on remand, determine the status of this property and distribute it as the court deems appropriate.

Accordingly, the award of $700 per month for child support for the two minor children of the marriage is reversed and remanded for further proceedings. The court is further directed to determine the status of the $5,000 U.S. Bond and the stock valued at $2,000 and distribute same as it deems appropriate. In all other respects, the judgment is affirmed.

KENT E. KAROHL, P.J., and REINHARD, J., concur.