**Robert L. DUNAVANT, Respondent-Appellant,**

v.

**Patricia S. DUNAVANT, Petitioner-Respondent.**

**No. 44425.**

Missouri Court of Appeals, Eastern District, Division Four.

April 3, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Carroll J. Donohue, St. Louis, for respondent-appellant.

Ray A. Gerritzen, St. Louis, for petitioner-respondent.

SMITH, Judge.

Husband appeals from a judgment in a dissolution action. He attacks the award of maintenance, the determination and award of marital property, the award of child support, and the award of attorney's fees. He also objects to that portion of the decree allowing wife to reside in the marital residence, found to be the separate property of husband, until payment to her of the cash award representing her share of marital property.

We need not consider the challenges to the monetary awards made by the court. Husband in his brief has based his arguments upon a set of facts purporting to represent the evidence in the case. In so doing he has ignored the evidence presented by the wife. As an example he asserts no evidence showed misconduct by him.

This ignores more than 500 pages of the transcript showing verbal abuse, physical abuse, inattention, temper tantrums, child abuse both physical and verbal, threats of physical violence, excessive drinking, embarrassment of both wife and children, harassment, lying, dating another woman, and refusal to provide necessary money to the wife. Similarly, the evidence regarding the needs of the wife and children, the income of the husband, and the acquisition of property during the marriage is recounted only from the viewpoint of the husband without regard to the contrary evidence presented by the wife.

■ We would be justified in dismissing the appeal, pursuant to wife's motion, for violation of Rule 84.04(c) requiring a "fair and concise statement of the facts." In our discretion we will not do so here because the single issue involving use of the marital residence by the wife presents a solely legal question which is not compromised by the violations of Rule 84.04(c). We will not, however, discuss or further review the monetary awards and distributions for the reason that husband seeks a review of those awards based upon a hypothetical set of facts.

The trial court found the marital residence of seventeen years to be the separate property of the husband. The decree provided that the wife and children could continue to reside therein until two months after payment was made to her by husband of the cash value of her share of the marital property. This provision was in obvious recognition of the fact that until the payment of the award wife was not in a position to acquire comparable housing for herself and the three children of the marriage. Husband challenges this portion of the decree as beyond the jurisdiction of the court. Husband's theory is that the trial court has no jurisdiction over property once it is determined to be separate property. This contention is based upon a statement in *In re Marriage of Schulz*, 583 S.W.2d 735 (Mo.App.1979) [3–6]:

"However; [the trial court] has no jurisdiction to enter a decree dividing property which does not belong to either of the parties to the action ... or which is not property acquired during the marriage or, having been acquired prior to the marriage or by gift, has not become so intermingled with the assets of the marriage partnership as to become marital property."

■ We have no quarrel with the holding in that case. It simply has no application here. The trial court has not divided the separate property of husband. It has fully recognized his title to that property. It has restricted his use of that property until he pays the debt owed by him to the wife. The situation is comparable to that upheld in *In re Marriage of K.B.*, 648 S.W.2d 201 (Mo.App.1983) [2] in which the court recognized that the trial court's power to carry out a division of marital property is "virtually unlimited so long as it effects a division contemplated and mandated by Section 452.330." In *Claunch v. Claunch*, 525 S.W.2d 788 (Mo.App.1975) [2, 3] the court held that the power given the trial court to divide the marital property includes "the powers necessary to render effective the power to divide." The property of the parties, both separate and marital, is before the court for distribution. The property found to be separate is required to be "set apart" to its owner which is an exercise of jurisdiction over that property. Chapter 452 provides specifically that for certain purposes a lien may be imposed upon the property of one spouse to satisfy the requirements of the decree. *See* Secs. 452.080, 452.140 RSMo 1978. It cannot be said, therefore, that the trial court lacks jurisdiction over the separate property of the parties. It may use that jurisdiction, as it did here, to "render effective the power to divide the marital property." If the use of that jurisdiction is burdensome to husband he has it within his power to quickly shed the burden.

Respondent's motion to dismiss appeal denied. Judgment affirmed.

GAERTNER, P.J., concurs with an opinion.

HAMILTON, Special Judge, concurs.

GAERTNER, Presiding Judge, concurring.

I concur but feel constrained to make additional comment about the flagrant violations of Rule 84.04 displayed by appellant's brief, only some of which are mentioned in the majority opinion. Capsulizing over 500 pages of testimony relating to 52 distinct incidents of misconduct as "Respondent's scattered and ineffective attack upon appellant with the obvious intent to smear his character in the eyes of the court" may be concise, but it is neither fair nor without argument. The one-sided statement of facts in appellant's brief invites comparison with the pro se briefs of penitentiary inmates who have little to do but imagine the evidence at their trials to have been as one-sided as they wished it to be.

Where seven of appellant's eight points relate to discretionary rulings of the trial court on which there is conflicting evidence, this court does not require 138 citations of authority (40 of which are to foreign jurisdictions) to know our review is simply and conclusively governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Rule 84.04(d) prohibits long lists of citations. Only one case cited in appellant's brief has relevance to the single, non-discretionary issue, and that by taking an inapplicable sentence out of context. I can only surmise why this not uncommon dissolution case was deemed to warrant a 100 page brief with such extensive but unnecessary research. Citing 38 authorities (18 from foreign jurisdictions) for the principle that the exchange of pre-marital assets does not render the newly acquired assets marital property, while perhaps impressive to a client, does not eliminate the unmentioned finding of the trial court that the assets were purchased from comingled joint accounts. The judges of this court can ill afford the time involved in attempting to fathom the applicability of Alaska decisions and Arizona statutes to discretionary rulings of a Missouri judge in a court-tried case. Rule 84.04(d) is intended to eliminate such obfuscation.

The Rules of Appellate Procedure should be enforced or abandoned. Otherwise, the bar may be misled into believing that this, or any court, will overlook the filing of briefs and pleadings containing misleading, unsupported and inaccurate statements of fact. I would, pursuant to Rule 84.08(b) dismiss this appeal out of hand.