**Barbara Gwynne SMITH, Appellant,**

v.

**Lloyd Benton SMITH, Respondent.**

**No. WD 34516.**

Missouri Court of Appeals, Western District.

Nov. 13, 1984.

**12**

Edward Berg, Columbia, for appellant.

C. Christy Barton, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

PER CURIAM:

Barbara Smith appeals from a decree dissolving her marriage to Lloyd Benton Smith. The court divided the marital property but refused to divide the marital debts. She appeals requesting that we order the circuit court to divide the marital debts. We affirm the decree as to dissolution but remand with directions to enter a modified dissolution decree dividing the marital debts.

Barbara filed a petition for dissolution of marriage requesting, among other things, that Lloyd be ordered to pay all "jointly incurred" debts. Lloyd's answer requested the court to divide the marital property but did not mention the debts.

At the dissolution hearing, Barbara testified that she and Lloyd had agreed to divide the debts. Her brief sets forth the agreement of the parties. She has agreed to pay the remaining debts to Sears and J.C. Penney. Lloyd will be responsible for the Montgomery Ward account and the First Crown Finance (Aetna) loan. Each party will be responsible for repaying one half of an other loan with First Crown (Aetna), account number 30011688.

Lloyd does not dispute the agreement. He has waived the right to appear and has not filed a brief.

█ Section 452.330 R.S.Mo. (Supp. 1984) controls the division of marital property by the circuit court in an action for dissolution of marriage. Debts incurred by the parties during the marriage are not marital property. *Flach v. Flach*, 645 S.W.2d 718, 719 (Mo.App.1982). The circuit court is not required by the statute to divide the marital debts between the parties, and failure to divide the debts does not affect the finality of the dissolution decree. *Id.* at 719. Nevertheless, when appropriate, the courts should allocate the debts between the parties. *In Re Marriage of Smith*, 652 S.W.2d 743, 744 (Mo.App.1983). Distribution of the debts may help alleviate future dissension, and the courts have the authority to make a distribution when the parties request it. *Id.*

█ The circuit court concluded that "debts not being marital property," they should not be divided. We disagree. They should be divided in accordance with the agreement of the parties. We affirm the court's dissolution decree, except that portion in which the court declines to divide the marital debts. We remand with directions to enter a modified dissolution decree ordering that wife pay the remaining balance on the J.C. Penney and Sears accounts and that husband pay the remaining balance on the Montgomery Ward account and one of the First Crown (Aetna) accounts, and that the parties pay equally, in

fifty percent shares, the remaining amount on the other First Crown (Aetna) account, account number 30011688.