Ruth Susan TRAPANI, Petitioner-Respondent,

v.

Carmelo Mario TRAPANI, Respondent-Appellant.

No. 48081.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985. Application to Transfer Denied Feb. 26, 1985.

Diekemper, Hammond & Shinners by John A. Turcotte, Jr., St. Louis, for petitioner-respondent.

Nicholas J. Riggio, Sr., St. Louis, and Gail N. Gaus, Clayton, for respondent-appellant.

SIMON, Presiding Judge.

Husband appeals from a decree of dissolution challenging the trial court's inclusion and division of certain assets as marital property. Husband states the trial court erred in the division of the marital property in failing to award him as his separate property: (1) the interest earned on inheritance money husband received during the marriage; and (2) the monies received from a settlement of husband's personal injury lawsuit for injuries incurred in an automobile accident during the marriage. We affirm the judgment.

The parties were married in 1954 and had two children, only one of whom was still a minor at the time the decree was rendered on August 5, 1983, dissolving the parties' twenty-nine year marriage. Both parties were employed during the early part of their marriage and at the time of the dissolution hearing. In 1964, during wife's second pregnancy, wife moved from the marital residence to her parents' home. At that time husband and wife also separated their finances. Wife returned to the marital residence a few weeks later where both continued to reside; however, they led separate lives from 1964 until their divorce, each paying his or her own personal expenses and keeping their property and finances separate. They shared payment of family expenses out of their separately managed funds. Throughout this period, husband used his wages to make the monthly loan payment on their residence, a duplex, until it was paid off in 1972. The down payment of approximately $15,000 was made on their residence in 1962 when the parties still maintained a joint account. Husband also collected the rental income from the upstairs apartment which they rented and he paid for all repairs, improvements, and expenses, including utilities, insurance, and taxes, on their property. Husband maintained his money in sundry separate accounts which he frequently closed and reopened elsewhere. Several of husband's separate accounts contained deposits of funds, excepting the personal injury settlement and inheritance he received during the marriage which were clearly

marital in character, *e.g.* husband's wages, rent collected from the parties' jointly owned residence, dividend income from jointly owned stock, refunds from jointly filed income tax returns, and a portion of his retirement plan fund. At the time of trial, husband had consolidated all the funds from these separate accounts into one account in his name at Southwest Bank, amounting to $73,000. Of this $73,000, the trial court set aside husband's $25,000 inheritance as his separate property and held the remaining $48,000, including husband's $13,900 personal injury settlement, to be marital property which he divided evenly between husband and wife. Wife was awarded her separate property valued at approximately $30,200, including her inheritance from her father of stocks, notes, insurance proceeds, and an interest in real estate which she received during her marriage.[1] The parties' marital residence was ordered to be sold with the proceeds to be divided equally.

Initially, we recognize the standard governing our review: we must sustain the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of evidence, unless it erroneously declares or applies the law. *Sturgis v. Sturgis,* 663 S.W.2d 375, 379 (Mo.App.1983).

Husband's first point is that the trial court erred in not awarding husband as his separate property interest income earned on the funds he had inherited during the marriage. By the date of dissolution, husband had received $25,000 of his $50,000 inheritance in three separate installments: $5,000 in 1962; $10,000 in 1972; and $10,000 in 1977. From the dates of receipt to the date of the dissolution hearing, he deposited his inheritance money in several financial institutions in certificates of deposits or passbook savings held in his name only. Frequently, he would close out these accounts and reinvest the money with interest in new accounts. Thus, he argues the

original inheritance was exchanged for different property numerous times and that any enhancement in value as a result of these exchanges is his separate property under § 452.330.2(2) RSMo Cum.Supp.1983. (Statutory references will be to RSMo Cum.Supp.1983 unless otherwise stated.)

Section 452.330.2 defines marital property as all property acquired subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage.

All property acquired by either spouse subsequent to the marriage and prior to the decree of legal separation is presumed to be marital property regardless of how title is held. Section 452.330.3. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in § 452.330.2. Husband asks us to find that the interest on his inheritance falls within an exception listed above in Subsection 2 of § 452.330.2 and to classify the interest accrual as non-marital property by analyzing the source of the increase in value.

Husband posits that the interest from his inheritance, if generated by marital efforts, is marital property; if generated by "natural enhancement," and not the personal efforts of a spouse, the interest is separate or non-marital property. On this premise, he argues the evidence established that the interest accrual was not the result of spousal contribution, but rather, the result

**1.** On appeal, neither party contests the trial court's designation of their inheritances as separate property.

of "natural enhancement" to which the wife is not entitled.

■ We need not resort to the "natural enhancement" or "spousal contribution" distinction. The record supports the trial court's finding that husband's several accounts, although treated by him as separate property, contained not only his separate funds (e.g. his inheritance), but also funds clearly marital in character—his wages, rent from the parties' jointly owned residence, dividends from jointly owned stock and refunds from jointly filed income tax returns. Subsequent to the filing of the dissolution petition and prior to the dissolution hearing, husband closed these accounts and consolidated them into a single account. While husband denied he had deposited any marital funds in his several accounts, the record indicates that the trial court examined the various accounts and found otherwise. It is the trial court's prerogative to determine the credibility of the parties and to accept or reject all, part or none of their testimony. *Whitenton v. Whitenton,* 659 S.W.2d 542 (Mo.App.1983). On review, we give due regard to the trial court in judging the witnesses' credibility. *Id.*

■ The trial court possesses broad discretion in the determination of the identity of marital property and its division. In commingling his own funds with marital funds, husband failed to sufficiently segregate his own property. *Jaeger v. Jaeger,* 547 S.W.2d 207, 211 (Mo.App.1977). Such a commingling is indicative of an intent on the part of husband to contribute his separate, non-marital property, to the marital estate. *Accord Jaeger v. Jaeger, supra.* Thus, the interest earned on the husband's inherited funds may be regarded as marital property. Further, husband failed to establish what portions of the interest from the commingled accounts could be attributed to interest earned on his inheritance. The same failure of proof occurred in relation to the single consolidated account. Husband's first point is denied.

Husband's second point on appeal claims that the proceeds received in the settlement of his personal injury claim were improperly included in the division of marital property. Husband had received approximately $13,900 resulting from the settlement for back injuries he sustained in an automobile accident during the parties' marriage. Wife was not a party to the lawsuit nor did she institute a separate proceeding for loss of consortium. The settlement check was made payable to both husband and wife, but wife refused to sign the check. In an action to enforce the settlement, the Circuit Court entered an order which barred wife from asserting a claim for damages against the insurance company's insured and which required the insurance company to issue a draft payable to husband only.

Husband maintains that the insurance settlement proceeds are within a statutory exception under § 452.330.2(2) and therefore are not marital property. To fall within that exception, husband states he entered marriage in good health but suffered an injury therefrom so that he received the personal injury settlement in exchange for his loss of health, a personal loss, as well as his pain and suffering.

■ In *Nixon v. Nixon,* 525 S.W.2d 835, 839[6] (Mo.App.1975), we held that, under the statutory definition of "marital property," "all property acquired by either spouse subsequent to the marriage" includes the property acquired as a result of the settlement of a personal injury action, and all increases in value therefrom. It is within the discretion and the function of the trial court to weigh the factors relevant to the parties' needs and circumstances and to determine what portion, if any, of the settlement award should be distributed to the wife. We reaffirm our conclusion in *Nixon* and hold that monies received in a personal injury action constitute a marital asset subject to equitable distribution in dissolution proceedings.

■ Husband raises a sub-issue in this point that wife was barred from any claim of the settlement funds because of the earlier court order entered to enforce settlement. The earlier court's ruling only

**504**

barred wife from bringing any claim for damages against the insurance company's insured, the defendant in the personal injury suit. No principle of estoppel precludes wife's claim to the settlement proceeds as a portion of marital property. Point denied.

The judgment of the trial court is affirmed.

STEWART and STEPHAN, JJ., concur.