**Fred D. GOLLEHER, Appellant,**

v.

**Nancy Jane GOLLEHER, Respondent.**

No. 49039.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 3, 1985.

Ronald L. Rothman, Clayton, for appellant.

Ellsworth Cundiff, St. Charles, for respondent.

CRANDALL, Judge.

Appellant-husband appeals from a decree of dissolution of his marriage to respondent-wife. He alleges that the trial court erred: (1) in failing to distribute the cemetery lots as marital property; (2) in failing to apportion all of the marital debts; (3) in computing the value of his pension benefits; (4) in distributing an uncollected judgment as marital property; and (5) in awarding wife her attorney's fees. We affirm.

At the time of the dissolution there were two minor children born of the marriage. Primary custody and child support were awarded to wife. Neither those awards nor the dissolution itself are challenged on appeal.

The decree divided the assets as follows:

| To Husband: | Valuation |
| --- | --- |
| 1977 Chrysler, subject to a debt of $1,300 | $ 1,100 net |
| 1977 Ford Pickup | 2,500 |
| 1974 Truck Camper, subject to a debt of $1,400 | 1,600 net |
| Federal Tax return | 1,366 |
| State Tax return | 93 |
| Pension Plan benefits | 2,571 |
| Lot-Cuba, Mo. | 900 |
| Miscellaneous household goods | 5,320 |
| Judgment | 11,000 |
| Lien against residence, payable when sold or youngest child reaches 18 years, whichever comes first | 5,000 |
| | $31,450 |

| To Wife: | Valuation |
| --- | --- |
| 1977 Mercury | $ 2,400 |
| Miscellaneous household goods | 2,375 |
| Residence, fair market value $44,000, subject to mortgage of $22,100 plus $5,000 lien | 16,900 net |
| | $21,675 |

■ Husband first contends that the court erred in failing to distribute the cemetery lots. Section 452.330, RSMo (1978) provides in pertinent part that "the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just...." It is axiomatic that, in order to determine whether a specific item of property is "marital" and then to divide it equitably, there must be sufficient evidence in the record regarding that property. Here, the only evidence consisted of the listing of the cemetery lots as a loan of $2,630.00 in husband's Financial Statement,[1] plus three cursory references to the lots in the testimony at trial, each of which related to which party was making the payments on the loan for the lots. The record is devoid of facts about the lots from which to ascertain their ownership, their value, or their classification as either marital or separate property.

■ The failure to distribute only some property does not affect the decree's validity or finality for purposes of our review. *In re Marriage of Hopkins v. Hopkins,* 664 S.W.2d 273, 274 (Mo.App.1984). The remedy is a suit in equity in the court below to determine the ownership of the omitted property. *Yoder by Larsen v. Horton,* 678 S.W.2d 901, 904 (Mo.App. 1984). Husband's first point is denied.

■ Husband's second claim is that the court failed to allocate all of the marital debts. Debts incurred by the parties during marriage are not marital property subject to division under § 452.330. *Smith v. Smith,* 681 S.W.2d 11, 12 (Mo.App.1984). Although it is a better practice to distribute the marital debts to alleviate future dissension, the trial court is under no duty to do so. *In re Marriage of Smith v. Smith,* 652 S.W.2d 743, 744 (Mo.App.1983). Yet, the existence and extent of marital indebtedness may affect the fairness of the property division, because debts affect the net value of the marital estate. *Oldfield v. Oldfield,* 666 S.W.2d 17, 19 (Mo.App.1984).

In this case neither party requested findings of fact or conclusions of law. We therefore consider all fact issues as having been found in accordance with the result reached. Rule 73.01(a)(2). We presume that the trial court considered whether marital debts existed as well as the extent of marital indebtedness in arriving at its

---

1. Husband's Income, Expense and Financial Statement was introduced into evidence and is therefore part of the record on appeal. *Compare In re Marriage of Hopkins v. Hopkins,* 664 S.W.2d 273 (Mo.App.1984).

division of marital property. Husband's second point is denied.

Husband next challenges the court's valuation of his vested[2] pension plan. He does not argue with the fact that the pension benefits accumulated during his marriage are marital property subject to division. *Kuchta v. Kuchta*, 636 S.W.2d 663, 666 (Mo. banc 1982). Further, he does not object to the "immediate offset method" of distributing the pension plan, whereby the court awarded him all of his pension benefits, offset by other marital property awarded to wife. *See Lynch v. Lynch*, 665 S.W.2d 20, 23 (Mo.App.1983). His only argument is that the present value of his pension benefits is grossly overestimated. He advocates the use of his expert's appraisal of $172.73, in lieu of wife's expert's valuation of $2,571.00.

There was substantial evidence to support the $2,571.00 valuation. As trier of fact, the trial court did not abuse its discretion by accepting that figure and rejecting the $172.73 figure. Husband's third point is denied.

Husband's fourth point challenges the trial court's distribution of an uncollected judgment of $11,000.00 as marital property. He alleges that the judgment in a case styled *Golleher v. Williams* is worthless. At the dissolution proceeding, however, husband produced no evidence to establish that the judgment was uncollectable, as opposed to merely uncollected. In fact, the only reference to the judgment's being worthless was in a question asked of wife: "As far as you know that judgment is totally uncollectable; isn't it?" She replied, "As far as I know I never heard any more from Mr. Stokes [the attorney] on that." Using the appropriate standard of review, the finding that the judgment had value was not against the weight of the evidence before the court.

Now we must consider whether the court properly determined this particular uncollected judgment to be marital property subject to distribution. In so doing we do not reach the broader issue of the extent to which other types of judgments received by a spouse during the marriage may be marital property.

The trial court has broad discretion in determining the distribution of marital property. *In re Marriage of Brown v. Brown*, 664 S.W.2d 268 (Mo.App.1984). Under § 452.330, RSMo (1978) marital property includes "[a]ll property acquired by either spouse subsequent to the marriage." In *Trapani v. Trapani*, 684 S.W.2d 500, 503 (Mo.App.1984), we held that the proceeds received by a spouse in the settlement of a personal injury action were properly considered marital property, if the personal injury was sustained during the marriage. By analogy, the judgment in this case falls within the definition of marital property because it, like the settlement in *Trapani*, was "acquired ... subsequent to the marriage." § 452.330. The specific circumstances encompassing this judgment clearly justify its designation as marital property. The cause of action arose during the marriage as a result of the negligent manner in which some work was done on the backyard of the marital residence. The action was brought by both husband and wife, and judgment was rendered in their favor during their marriage. Reviewed against the backdrop of all these factors, the court did not abuse its discretion in classifying the uncollected judgment as marital property.

Husband challenges the inclusion of the judgment in the property division because it is "nonexistent." We agree with him that, unlike the cash settlement in *Trapani*, there is no tangible asset to distribute. His share of the marital property, however, even without the $11,000.00 judgment, is still not inequitable. We further agree with husband that, should the judgment prove worthless, the distribution is weighted in wife's favor. The court, how-

---

**2.** Krauskopf, Marital Property at Marriage Dissolution, 43 Mo.L.Rev. 157, 172 (1978). "[V]ested rights ordinarily mean that some portion of the ultimate pension benefit is payable to the employee even though he ceases employment prior to retirement...."

ever, is not required to make an equal division of marital property, only an equitable one. *Brown*, 664 S.W.2d at 269. Additionally, in dividing marital property, the court can consider the "economic circumstances of each spouse." § 452.330. At the time of the dissolution decree, wife was employed full time and earned approximately $213.00 gross per week. At the same time, husband earned over $650.00 gross per week, plus an additional $225.00 per month for his union duties. The court can also consider "the desirability of awarding the family home ... to the spouse having custody" of the children. § 452.330. Wife has custody of the two children. There is substantial evidence in the record to support the property distribution, and therefore we find no abuse of discretion. Husband's fourth point is denied.

Finally, we consider the propriety of awarding wife her attorney's fees in the amount of $2,737.50. An award of attorney's fees under § 452.355, RSMo (1978) is discretionary with the court. Since the court's ruling is presumptively correct, it is husband's burden to show that the ruling manifests an abuse of discretion —i.e., so arbitrary and unreasonable as to shock the sense of justice. *In re Marriage of Potter v. Desloge*, 658 S.W.2d 83, 85 (Mo.App.1983). Although under § 452.355 the court considers "all relevant factors including the financial resources of both parties," the financial need of the party is only one factor in determining the propriety of the award. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917 (Mo. banc 1979). It is not necessary, therefore, that wife be unable to pay her attorney's fees. The record shows that, of the two, husband has the greater ability to pay wife's attorney's fees because he earns considerably more than she does. The court's award of attorney's fees was not an abuse of discretion. Husband's fifth point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.