709 S.W.2d 910 (1986)
S.R., Petitioner/Appellant,
v.
S.M.R., Respondent/Cross-Appellant.
Nos. 49768, 49796.
Missouri Court of Appeals, Eastern District, Division Four.
April 15, 1986.
Motion for Rehearing and/or Transfer Denied May 13, 1986.
*911 Lewis & Rice, Barry A. Short, Joseph J. Trad, St. Louis, for petitioner/appellant.
Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, Alan E. Popkin, Thomas J. DeGroot, St. Louis, for respondent/cross-appellant.
CRANDALL, Presiding Judge.
Petitioner, S.R. (wife), appeals from a decree of dissolution of marriage. Respondent, S.M.R. (husband), cross-appeals. We affirm in part and reverse and remand in part.
On October 29, 1985, husband filed a motion to dismiss wife's appeal for violation of Rule 84.04(c) in that wife failed to set forth a fair and concise statement of facts free from argument and for violation of Rule 84.04(h) in that wife failed to provide citations to the legal file and transcript for all statements of fact. On November 6, wife filed with this court a memorandum in opposition to husband's motion to dismiss. In that memorandum wife acknowledged one mistake in the statement of facts,[1] but otherwise elected to stand on her facts as written. Wife's memorandum characterized husband's arguments as "picayune attempts to blur the true issues and to deprive petitioner of an appeal on the basis of an overly technical reading of the rules." We ruled that husband's motion would be taken with the case. During oral argument, counsel for the wife again admitted the same single mistake but otherwise adhered to the statement of facts.
In considering husband's motion to dismiss, we first review some of the pertinent portions of wife's statement of facts. In her statement of facts wife declares that "[t]his 15-year marriage was broken primarily by the irresponsible conduct of Husband." This "statement of fact" is not cross-referenced to any citation either to the transcript or to the legal file. In her statement of facts, wife includes in husband's marital misconduct the use of marijuana, *912 cocaine and "other hard drugs." There is nothing in the record to substantiate husband's use of "other hard drugs." Further, wife neglects to mention her own admitted use of marijuana and cocaine. Wife states that husband openly engaged in extra-marital affairs between 1976 and 1982, whereas the record discloses that husband's extra-marital relationship with his present paramour began in 1978 or 1979. Wife's explanation in her memorandum that 1978 is between 1976 to 1982 is inane. Moreover, wife characterizes her own marital infidelity in 1977 as a "single, brief, regrettable interlude after being emotionally and physically abandoned for over one and one-half years." Wife's assertion that during visitation with his minor children husband and his girl friend "openly lived together" is also a less than accurate reflection of the record on appeal.
Regarding husband's business activities, wife states in her facts that a closely held family corporation had repaid husband a $100,000 loan, plus interest, $75,000 of which he lent back to the corporation. There was no evidence adduced that $100,000 was repaid to husband or that it was the source of a $75,000 loan back to the company. In fact, there was testimony refuting any such transaction by both husband and his accountant. Wife states that some of the fringe benefits from the corporation which husband enjoyed were an expense account and free "trips." The evidence was that the corporation did not provide an expense account, although husband was reimbursed for business expenses; and that husband had received only one free trip from a manufacturer of foodstuffs. In addition, in her statement of facts wife claims that husband's "actual receipt" of income for 1981, 1982, and 1983 was approximately twice what he reported as his income for those years. The income tax returns for those years do not support this claim and there is no other evidence in the record to verify this bald assertion.
Candor, accuracy and fairness are indispensable in a proper statement of facts. Weier and Fairbank, Why Write a Defective Brief? Give Your Client a Chance on Appeal, 33 J.Mo.Bar 79, 87 (1977). Wife's statement of facts achieves none of these objectives. This is not a mere technical violation of Rule 84.04. The one-sided, argumentative statement of facts in the instant case is merely a "script" written to please a client rather than a statement of facts written in conformity with the rules and designed to expedite the work of the court. Dismissal of wife's appeal would therefore be justified for violations of Rule 84.04(c) and of Rule 84.04(h). In our discretion, we decline to impose that sanction. Counsel would be well advised to review Thummel v. King, 570 S.W.2d 679 (Mo. banc 1978); Federbush v. Federbush, 667 S.W.2d 457 (Mo.App.1984); and Dunavant v. Dunavant, 670 S.W.2d 524 (Mo.App. 1984).
We now consider these appeals within the standard for appellate review in a court-tried case. Husband and wife were married on January 19, 1969, while husband was in his last year of college. After graduating, husband worked in his family's retail grocery business. He and his brother eventually became equal shareholders in seven corporations which operated seven grocery stores. During the marriage, husband and wife enjoyed a luxurious life-style and wife had considerable household help. Wife did not work outside of the home after the marriage. Both parties were guilty of marital infidelity. After repeated separations and reconciliations over a period of years, wife filed for dissolution in June, 1982. At the time of the dissolution there were two minor children born of the marriage, a fourteen-year old daughter and a five-year old son.
The trial court dissolved the marriage and, inter alia, divided the marital property as follows:

*913
To Wife: To Husband:
------- ----------
Family home, subject Condominium $ 68,000
 to a deed of trust Furnishings in
 of $66,000 $234,000.00 home 3,000.00
Furnishings in home 34,000.00 Furnishings in
1978 Jaguar 10,000.00 Condominium 19,000.00
Jewelry 34,000.00 1975 Jaguar 11,000.00
Life Insurance 31,000.00 Jewelry 1,500.00
 Note 74,000.00
 Note 48,000.00
 Pension 2,200.00
 Kemper Fund 2,000.00
 I.R.A. 7,000.00
 Votruba-interest in 2,000.00
 R & S Leasing-interest 50,000.00
 A H D Leawood-interest 15,000.00
 ___________ ___________
TOTAL $343,000.00 TOTAL $302,700.00

The trial court set aside as husband's separate property his fifty percent ownership interest in seven closely held corporations and valued his shares in the corporations at $600,000. The trial court found that the original family-owned grocery store controlled all seven corporations operating similar stores and that husband's shares in the corporations were a gift from his parents during the marriage.
Additionally, wife was awarded primary custody of the two children, child support in the amount of $700 per month for the daughter and $300 per month for the son, and $1,500 per month as statutory maintenance. Husband was awarded temporary custody of the children with visitation on every other weekend, on alternative holidays and birthdays, and for three weeks during summer vacation. Further facts will be discussed as they relate to the points raised on appeal.
We now consider wife's contentions, not in the order raised. In Points III and IV, wife challenges the trial court's finding that husband's shares in the closely held corporations were separate property. The closely held corporations ran seven different grocery stores under one general name (hereinafter Stores 1 through 7). Husband owned fifty percent of the shares in each of these corporations. His brother owned the other fifty percent. Wife claims that husband's shares in all seven corporations are marital property.
All property acquired during the marriage is presumed to be marital property unless it falls into one of five statutory exceptions. § 452.330, RSMo (Cum.Supp. 1984). The burden of proving that the property falls into one of the exceptions is on the party attacking the presumption. In re Marriage of Williams v. Williams, 639 S.W.2d 236, 237 (Mo.App.1982). The presumption is rebutted only by clear and convincing evidence. McDowell v. McDowell, 670 S.W.2d 518, 523 (Mo.App.1984).
First we consider the status of husband's shares in Store 1. The record shows that Store 1 was the original family store, opened in 1954. All the shares of the corporation which controlled that store were owned exclusively by husband's parents. In 1981, the parents gave husband and his brother each ten shares of the corporation and set up a stock redemption program by the corporation for the remainder of their shares. As a result of this transaction, *914 husband owned fifty percent of the stock in Store 1.
"The status of property as marital or separate becomes fixed as of the time of its acquisition." Busby v. Busby, 669 S.W.2d 597, 599 (Mo.App.1984). Property acquired by gift during the marriage is separate property. § 452.330.2(1).
Husband's initial acquisition of the stock of Store 1 was by gift and was therefore his separate property. See, e.g., Allen v. Allen, 637 S.W.2d 829 (Mo.App.1982). The redemption of his parents' stock during the marriage, which led to an increase in the percentage of his ownership in the corporation, did not convert his shares from separate to marital property. See, e.g., In re Marriage of Hoffmann v. Hoffmann, 676 S.W.2d 817, 822 (Mo. banc 1984). The trial court's ruling that husband's stock in Store 1 was separate property was correct.
We turn now to Store 2. In 1970, husband, his brother and their parents formed a new corporation and opened Store 2. Each shareholder, including husband, received twenty-five percent of the stock of that corporation. Husband's uncontroverted testimony was that his initial interest in Store 2 was a gift from his parents. Through a stock redemption plan, his interest increased to fifty percent.
As with Store 1, husband's interest in Store 2 was separate property because he acquired it by gift. His increase in ownership through a stock redemption plan did not change his shares into marital property. The trial court properly determined Store 2 to be husband's separate property.
We now consider Stores 3 through 7. During the marriage, husband and his brother formed five corporations and opened Stores 3 through 7. Husband was a fifty percent shareholder in these corporations from their inception. The stores were set up as separate corporations with interrelated business and financial interests. The trial court determined that these five stores were the alter egos of Store 1.
Ordinarily, corporations are regarded as separate and wholly distinct legal entities. Liberty Financial Management Corp. v. Beneficial Data Processing Corp., 670 S.W.2d 40, 52 (Mo.App.1984). The legal fiction of a corporate entity will be disregarded, however, where corporations are being manipulated through their interrelationships to cause illegality, fraud or injustice. Id. The mere fact of similar ownership and control does not itself authorize piercing the corporate veil. C.C. Dillon Co. v. Robinson, 636 S.W.2d 380, 383 (Mo. App.1982). In the case before us there is no evidence that the way in which the corporations were run resulted in fraud or injustice either to the wife or to other third parties. The present situation is not one which justifies piercing the corporate veil.
It is apparent from the record that husband's ownership interest in Stores 3 through 7 is marital property. Husband's own testimony was that he and his brother acquired these stores during the marriage. In a post-trial brief to the trial court husband acknowledged that "[i]t is clear from the evidence that [his] interest in stores 3 through 7 is marital property." The trial court's ruling as it pertains to Stores 3 through 7 erroneously applied the law to the facts. Stores 3 through 7 are marital property.
In some dissolution cases it is possible for an appellate court to enter the decree the trial court should have entered and simply affirm as modified. We are unable to do so in this appeal. The value of the stores, as separate entities, is not clearly evident from the record nor can we hypothesize what the trial court's disposition of Stores 3 through 7 will be. Compare In re Marriage of Lynch v. Lynch, 665 S.W.2d 20 (Mo.App.1983). The value of the separate property awarded to husband, Stores 1 and 2, is also a factor to be considered by the trial court in dividing marital property. The weight to be given that factor is left to *915 the sound discretion of the trial court. See Ware v. Ware, 647 S.W.2d 582, 584 (Mo. App.1983).
Returning to Points I and II, wife challenges the adequacy of the awards of $1,500 per month for maintenance and of $1,000 per month for child support. Questions relating to the amounts of maintenance and child support are interrelated with the matter of property division. In re Marriage of Ward v. Ward, 659 S.W.2d 605, 608 (Mo.App.1983). The questions must be reconsidered by the trial court after it makes a new determination of the property aspects of the case. See, e.g., In re Marriage of V.M. v. L.M., 526 S.W.2d 947, 952 (Mo.App.1975). We therefore vacate the awards for maintenance and child support.
In Point V wife challenges the value placed on husband's interest in the seven corporations comprising the grocery store group. That point is rendered moot by our reversal and by the necessity of arriving at an individual valuation of husband's interest in each corporation. In Point VI wife challenges the value assigned to the stock owned by husband in two other corporations. We have examined the record and find that the trial court's finding is supported by substantial evidence. No abuse of discretion appears. The point is therefore denied in accordance with Rule 84.16(b).
We now address husband's cross-appeal. In his first point, husband asserts that the trial court erred in failing to grant joint physical and legal custody of the two children to both parents, as requested in husband's amended answer.
Section 452.375 (Cum.Supp.1984) defines joint legal custody and joint physical custody and provides that the court determine custody in accordance with the best interests of the child. Under § 452.375, there is no presumption in favor of joint custody. Joint custody is simply an option. Kline v. Kline, 686 S.W.2d 13, 15 (Mo.App. 1984). The trial court is vested with broad discretion in determining child custody. In re Marriage of Mihalovich v. Mihalovich, 659 S.W.2d 798, 801 (Mo.App.1983). The trial court's finding on matters of custody will be upheld unless the appellate court is convinced that the welfare of the child dictates some other disposition. Davis v. Davis, 693 S.W.2d 879, 883 (Mo.App.1985).
Although husband testified that he loved his children and expressed his desire to have joint custody of them, evidence adduced at trial indicated that husband assumed little responsibility for raising either child during the marriage. Husband has failed to demonstrate that the award of primary custody to wife in conjunction with the award of liberal temporary custody to him, is not in the best interests of the children. The trial court did not abuse its broad discretion in failing to award joint custody of the children to both parents. Husband's first point is denied.
In his second point, husband asserts that the trial court ordered him to pay an unreasonable amount of wife's attorneys' fees. The statements submitted to the court by wife's attorneys showed that her attorneys' fees and costs totalled $48,377.50 for services performed from June 8, 1982 to December 26, 1984. These fees represented 544 billable hours which thirteen attorneys and two paralegals devoted to wife's case. The trial court awarded attorneys' fees of $10,500 at a pendente lite hearing. At trial, wife was awarded an additional $6,000 in attorneys' fees and $400 for expenses. On motion, the trial court vacated that portion of the decree and wife was awarded $27,500 in attorneys' fees and $3,000 for expenses. The total attorneys' fees awarded were therefore $38,000, plus $3,000 for expenses.
It is necessary to vacate the trial court's additional award of $27,500 for attorneys' fees and $3,000 for expenses because of the incorrect designation of some of husband's stock in the closely held corporations *916 as separate property. The award of attorneys' fees and expenses should be reconsidered by the trial court after it makes a new determination with regard to the distribution of property. Although attorneys' fees can be awarded in a dissolution proceeding in the absence of need, need is one factor to be considered in determining the propriety of the award. Trunko v. Trunko, 642 S.W.2d 673, 677 (Mo.App. 1982); Golleher v. Golleher, 697 S.W.2d 547, 551 (Mo.App.1985). The issue of attorneys' fees is therefore remanded for reconsideration by the trial court. We nevertheless address the issue to provide guidance to the trial court in entering its decree on remand.
Under the present decree, the trial court did not abuse its discretion in awarding expenses in the amount of $3,000 or in awarding attorneys' fees. This does not mean, however, that the amount of the attorneys' fees awarded to wife was proper. Kays v. Curtis, 648 S.W.2d 901, 903 (Mo.App.1983).
Section 452.355, RSMo (1978) provides that the court may award a reasonable sum for attorneys' fees and such an award is discretionary with the trial court. Golleher, 697 S.W.2d at 551. The trial judge is an expert on the reasonable value of legal services and is given wide latitude in the allocation of fees and costs. Flach v. Flach, 645 S.W.2d 718, 722 (Mo.App.1982). The trial court is not bound by the number of hours of work performed by counsel or by the hourly charges for that work. Raines v. Raines, 583 S.W.2d 564, 568 (Mo. App.1979). These are only factors to be considered in arriving at a reasonable fee. The trial court's ruling with regard to attorneys' fees is presumptively correct and husband has the burden of showing an abuse of the court's discretion in making that ruling. Golleher, 697 S.W.2d at 551.
In Mills v. Mills, 663 S.W.2d 369 (Mo. App.1983), we affirmed the award of $41,500 in attorneys' fees for wife. In that case, however, husband had incurred legal fees in excess of $40,000 which he admitted were reasonable given the complexity and length of the proceedings (13 days). In Fausett v. Fausett, 661 S.W.2d 614 (Mo. App.1983), an award of $14,454.35 for attorneys' fees was affirmed. In that case the transcript on appeal was 1,000 pages, plus there were lengthy depositions and forty-seven exhibits.
In the present case the transcript is 396 pages. The trial took three days. Six depositions were taken, two of which were taken on behalf of wife. There were two pre-trial hearings relating to a pendente lite motion, one on June 20, 1984 and another which began November 14, 1984 and was continued and concluded on November 21, 1984. At issue in the case was the valuation of certain property, including several closely held corporations. Experts were hired to give their opinions on those valuations. The legal principles involved in this dissolution action were neither unique nor particularly complex.
The fee arrangement as between wife and her attorneys is not part of the record. The evidence submitted by wife's counsel in support of an award of attorneys' fees as against the husband consisted merely of time records and hourly charges. We have reviewed these records which detail the number of hours and the hourly rates of the thirteen attorneys and two paralegals who worked on wife's case. The hourly rates charged by wife's attorneys were not unreasonable. What is unreasonable is the time involved. The amount of time expended (544 hours) in the preparation and in the trial of this case cannot be justified. The vast majority of such time consisted of preparation. Very simply, at the hourly rates charged and considering the issues involved, it should not have taken that much preparation time. The trial court's award of $38,000 in attorneys' fees to wife constitutes an abuse of discretion. We find no abuse of discretion, however, in the trial court's original award of $6,000 for attorneys' fees in addition to the $10,500 pendente lite award.
*917 The decree of dissolution is affirmed. That portion of the decree relating to the setting aside of separate property, to the distribution of marital property, and to the awards of maintenance, child support, and attorneys' fees is reversed and remanded to the trial court for reconsideration in accordance with this opinion. The remainder of the trial court's decree is affirmed.
KELLY and PUDLOWSKI, JJ., concur.
NOTES
[1] Wife's memorandum states that husband "is correct in stating that he pays the chauffeur to drive the car he receives for employment...."