Charlotte Maxine WILKERSON,
Respondent,

v.

Orville Russell WILKERSON, Appellant.

No. KCD 28450.

Missouri Court of Appeals,
Kansas City District.

Aug. 29, 1977.

Joseph Y. DeCuyper, Hsiang-Lin Lee, Snowden, Crain & DeCuyper, Kansas City, for appellant.

David D. Lodwick, Excelsior Springs, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

In this proceeding for dissolution of marriage, the trial court rejected a proposed property settlement agreement as unconscionable. The husband appeals with respect to that aspect of the case. Affirmed.

The dissolution suit was filed April 24, 1975. Concurrently the wife moved for an injunction against harassment by the hus-

band, and she testified in connection therewith in open court that the husband had threatened her and put her in fear of bodily harm. Based upon her testimony, a restraining order was issued as prayed.

Thereafter the parties through their attorneys negotiated for a property settlement and on October 16, 1975, a property agreement was signed by both parties. The agreement provided that the husband was to receive the farm owned by the parties which they agreed had a fair market value of approximately $30,000, subject to a deed of trust on which the balance due was $16,-000; the farm machinery, equipment, tools and animals; a 1971 one-ton truck; a 1963 half-ton pickup truck; a 1975 ¾-ton truck; and all rights in his retirement or pension plan. The wife under the agreement was to receive $6,500 in cash; certain furniture, appliances and household goods; one horse; a 1971 Chevrolet; and payment of $500 as attorneys fees. The husband was to pay the mortgage debt on the farm and trucks and obligations to other creditors aggregating $2,623.08.

That agreement having been submitted to the court for approval, a hearing was held with respect thereto on October 22, 1975. The trial court opened the session by saying that he had gone over the property settlement and stated, "I feel that it's unconscionable and I will ask that you—I am re-submitting it back to you and asking that you re-submit to me an amended one." At that point the husband's attorney inquired whether the parties could put on evidence with respect to the question of unconscionability. The court declined to accept evidence and stated that if the parties did not want to submit a revised agreement, then the court would make its own order pursuant to Sec. 452.325(3). (All statutory references are to RSMo 1969). The husband's attorney then requested a hearing for that purpose and a hearing date was set for October 27, 1975, at which time the court announced there would be a complete hearing covering both the dissolution of marriage and also a division of the property.

The hearing so set was held, and the wife testified as to the continuing arguments which had occurred between the parties, threats by the husband that he would leave and give no support to the child born of the marriage unless the wife agreed to a property settlement he deemed to be fair, that pressures had been exerted upon the wife's daughter of a previous marriage to induce the wife to submit to the husband's terms, that the wife had been subjected to harassing phone calls, and that she had been embarrassed by various acts which had occurred at her place of employment and in connection with her co-workers. At this hearing there was also introduced into evidence financial statements on behalf of both parties and testimony was submitted in amplification. At the close of the hearing the court ordered a division of property which was essentially the same as that contained in the agreement of October 16, 1975, except that the cash amount to be paid to the wife was increased from $6,500 to $10,000.

The husband raises four points on this appeal: (1) the first point alleges that the court erred in granting the restraining order in April, 1975. The husband withdrew this point at the time of oral argument, and it therefore need not be further considered. (2) Points II and III allege error by reason of the court rejecting the separation agreement before hearing evidence and in denying the husband's request that evidence be heard at that time. (3) Point IV urges that the ultimate rejection of the separation agreement as unconscionable was not supported by substantial evidence and was against the weight of the evidence.

I.

The husband argues that the trial court abused its discretion in undertaking to pass upon the separation agreement on October 16, 1975, without the taking of any evidence. He further argues that he had a right to insist upon the presentation of evidence, citing in connection therewith Sec. 402.2–302. That statutory reliance can be disposed of summarily by pointing out that

the section cited is part of the Uniform Commercial Code and has no relevancy to proceedings for dissolution of marriage.

■ It is true that Sec. 452.325–2 provides that the terms of a separation agreement are binding upon the court unless it finds that the agreement is unconscionable "after considering the economic circumstances of the parties and any other relevant evidence produced by the parties." It must be pointed out, however, that the trial judge here did have the benefit of considerable evidence at the hearing of October 22, 1975. He had heard evidence from the wife on April 24, 1975, concerning threats made to her by her husband; he had the property agreement itself; and probably he also had financial statements submitted by each of the parties. As to the last of those items, some doubt must be expressed. The transcript of the proceedings on October 27, 1975, reflects that financial statements had been submitted by the parties at some point in advance of that hearing, but the record fails to show just when those statements were filed. The wife's brief in this court makes the flat statement that the financial statements were submitted to the court in advance of trial at the same time that the separation agreement was filed. Nevertheless, this statement in the brief is not rooted in, but stands outside, the record and therefore cannot be considered. For purposes of this appeal, it must be assumed that the financial statements were not before the court on October 22, 1975.

■ Notwithstanding any shortcomings in evidence which may have been true at the time of the October 22 hearing, any such lack of evidence was completely supplied at the October 27 hearing. At the latter hearing, full financial statements were unquestionably before the court and introduced into evidence. Moreover, that data was supplemented by the oral testimony and explanations of both parties. With all of the evidence bearing upon the economic circumstances of the parties then before the court on October 27, the court proceeded to reiterate and readopt the ruling previously made on October 22, stating as follows: "I still do not feel that this was a fair agreement at that time; I still do not feel that it was a fair division at this time." If there was any error in ruling on October 22 without having the full economic circumstances of the parties before the court, any such error was harmless because remedied on October 27.

## II.

■ Whether a property settlement is unconscionable is a question which depends on the particular facts of each individual case. In the present case the court had before it the full picture of income, expenses, assets and debts of both the parties. Having that entire financial picture, the court felt that the settlement agreement of October 16, 1975, was unfair and oppressive to the wife. Although the wife had the benefit of counsel in the negotiation of that proposed agreement, her testimony was that she felt under compulsion to accept the husband's terms because of pressures which he was bringing to bear upon her and she wanted out of the situation at whatever price it took.

■ A finding of unconscionability involves in its very nature a large measure of discretionary judgment. In this regard, as in other matters calling for determination by a trial judge in a court tried case, *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976) holds that the judgment of the trial court should be sustained unless it erroneously declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence. In the respect last mentioned, *Murphy* further admonishes all appellate courts to exercise that power with caution and to give deference to the trial court unless the appellate court has "a firm belief that the decree of judgment is wrong." We cannot so state here, and the judgment must therefore be affirmed.

All concur.