In re the MARRIAGE of Billy J. BAKER, Petitioner-Respondent,

and

Carol Ann Baker, Petitioner-Appellant.

No. 10429.

Missouri Court of Appeals, Southern District, Division Three.

July 11, 1979.

J. Max Price, Salem, for petitioner-appellant.

William E. Seay, Salem, for petitioner-respondent.

HOGAN, Judge.

Billy J. and Carol Ann Baker filed a joint petition for dissolution of their marriage, as authorized by § 452.320.1, RSMo 1978, V.A.M.S. In connection with the dissolution proceeding, the parties entered into a separation agreement as provided for by § 452.-325.1, RSMo 1978, V.A.M.S. On October 21, 1975, the Circuit Court of Crawford County called the cause for hearing. Petitioner Billy J. Baker appeared; petitioner Carol Ann Baker did not. The trial court heard evidence, found that the marriage was irretrievably broken and that the separation agreement was not unconscionable, and entered a judgment accordingly.

Thereafter, Carol Ann filed a motion to set aside the decree of dissolution. The motion is directed wholly and solely to the separation agreement. In the motion or petition to set aside the decree, Carol Ann stated that she was ". . . in such a state of mental shock and [such] nervous condition" that she did not understand the separation agreement, and further alleged in conclusory language that the agreement was unconscionable. The parties and the trial court chose to regard the proceeding as an independent after-trial action of the combined, innominate order discussed in *Staab v. Thoreson,* 579 S.W.2d 414, 417 (Mo. App.1979); *S_____ v. S_____,* 490 S.W.2d 344, 349–350[2] (Mo.App.1973), and other cases. For our purposes, we need not characterize the proceeding further. It is to be borne in mind that *proof* of the allegations was necessary, *Staab v. Thoreson,* supra, 579 S.W.2d at 417, the judgment attacked clothed Billy J. with a presumption that the court had taken all steps necessary to enable it to render a valid judgment, *Hendershot v. Minich,* 297 S.W.2d 403, 410[17] (Mo. 1957), and Carol Ann made no effort whatever to show what evidence the trial court heard when it rendered the original judgment.

The case presents issues of fact, not questions of law. For this reason, we decline to recite the record evidence in tedious detail. If one sets peripheral issues to one side, and ignores the fact that counsel for Carol Ann sought to retry the equity of the distribution of marital property, the parties' positions can be fairly capsulized in a few sentences. Carol Ann testified she had agreed to, and had executed the separation agreement because she was "scared." Her evidence was that Billy J. had ". . . threatened to tell my two kids my [former] husband killed himself and it was my fault." Billy J. had told her "to go ahead and sign . . . or else I wouldn't have the kids." She had known there was "going to be Court" on the day of trial, but had not known she should be there.

Billy J.'s evidence was that in August 1975, Carol Ann had suddenly "demanded a divorce," and had said "all she wanted was a divorce." Later, Carol Ann committed her wishes to writing. She then wrote "[a]ll I want is the children." Billy J.'s testimony was that Carol Ann had voluntarily stayed away from the hearing. Carol Ann testified she had never been advised of the consequences attendant upon her execution of the separation agreement. Billy J. produced direct proof to the contrary.

In essence, Carol Ann sought to prove that a fraud had been perpetrated upon the court at the time the decree of dissolution was entered. The trial court concluded that she had failed to meet her burden of proof. There is no need to restate the applicable rules of law; they have been many times stated. The controlling principles on this appeal are: 1) that in a bench-tried case, the trial court is the arbiter of the facts; it may believe or disbelieve oral evidence in whole or in part, and this is true even if the evidence is uncontradicted, see, e. g., *Intertherm, Inc. v. Coronet Imperial Corp.,* 558 S.W.2d 344, 348[3] (Mo.App. 1977), and 2) a finding that the separation agreement was procured by fraud or was unconscionable necessarily involves a large measure of discretionary judgment. Cf. *Wilkerson v. Wilkerson,* 555 S.W.2d 689, 691[5] (Mo.App.1977). Application of these principles to the whole record convinces us that the correct result was reached. Being so convinced, we are not concerned with the reasons assigned by the trial court as a basis for its judgment. *Edgar v. Fitzpatrick,* 377 S.W.2d 314, 318[12] (Mo. banc 1964); *Gross v. Gross,* 557 S.W.2d 448, 453[10] (Mo.App.1977). Accordingly, the judgment is affirmed.

FLANIGAN, C. J., and BILLINGS, J., concur.