**In re the MARRIAGE OF JACKSON**

**Judith J. Jackson, Petitioner-Respondent,**

**and**

**David H. Jackson, Respondent-Appellant.**

**No. 10666.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 4, 1980.

Lynn M. Ewing, Jr., Ewing, Ewing, Carter, McBeth & Smith, Nevada, for respondent-appellant.

John M. Belisle, Belisle & Baker, Osceola, for petitioner-respondent.

HOGAN, Judge.

This is a dissolution of marriage proceeding. The trial court has found the marriage irretrievably broken, and has: 1) set apart the separate property of each spouse; 2) divided the marital property; 3) entered an order for maintenance and child support, and 4) awarded principal custody of the minor children to the petitioner. The respondent appeals.

The parties were married during the summer vacation preceding their last undergraduate year, 1964–65. Both were then attending the University of Missouri at Columbia. The petitioner obtained a degree in elementary education and, at trial time, had a "license to teach." Upon graduation, the respondent attended law school in Kansas City. The petitioner "taught 4th grade" while the respondent obtained his legal education.

In January 1969, the parties moved to Osceola, Missouri. Respondent became Prosecuting Attorney of St. Clair County and shared an office with the petitioner's father, who practiced law in Osceola. The record indicates that the parties prospered. Apparently, the respondent is a capable attorney and a good businessman. Nevertheless, Mr. Jackson professed dissatisfaction with his work and his surroundings in Osceola, and after the birth of the parties' second child in 1971, expressed a desire to move to Kansas City.

We do not, of course, know the real source or sources of disagreement between the parties, but it is apparent that the marriage deteriorated rapidly and completely from 1971 or 1972 to the date of the parties' final separation in May 1975. The petitioner's evidence tended to show, and the trial court could have found, that the respondent contrived to move his wife and children to Kansas City while he remained in Osceola to consort with a succession of paramours and engage in heavy drinking. The evidence need not be recounted in detail; it is sufficient to say that petitioner's evidence warrants a finding of serious misconduct on Mr. Jackson's part.

The focus of the appeal is upon the division of property between the spouses and the award of maintenance to the petitioner. As the respondent states in his brief, the trial resulted in a mass of conflicting evi-

dence related to the parties' property. We are invited to sift through that mass of conflicting evidence to find error in the apportionment of property and fix the value of the parties' resources. We decline.

The matters of error raised in this court are essentially factual matters. The petitioner had a substantial amount of property at the time of the marriage. Her property consisted of an interest in a sort of loose family partnership which was operated by her father, the invested income from that partnership, and gifts of real and intangible personal property. Some idea of the variety of property interests in issue here can be drawn from the fact that the trial court's order disposing of the parties' assets includes 7 parcels of real property, 5 promissory notes and the proceeds realized from two others, some municipal bonds, 20 checking and savings accounts, a trailer, a silver ingot collection and 2 Chinese wall plaques.

Each party incorporated a schedule of marital and non-marital property in his (her) initial pleading. Excluding three unvalued items, petitioner's schedule indicates that as of the date of final separation, she owned separate property worth $24,000, respondent had non-marital property valued at $48,548, and the parties' marital property (designated "joint") was valued at $99,-650.11. Respondent's schedule set the value of his separate property, as of the date of trial, at $78,003.82; the petitioner's separate estate was valued at $261,987.46, and the marital estate was valued at $50,787.97. Upon trial, the parties agreed that they would establish the title to and value of the assets in issue by means of written, sometimes cryptic memoranda prepared in part from memory, accompanied by oral testimony. The record indicates that the petitioner introduced 12 exhibits, one of which is 138 pages in length; the respondent introduced 94 exhibits. If one takes into account the household furnishings, literally hundreds of items are included.

■■■ Our point is this: the origin and therefore the title to and rights in most of the property set apart and divided was established by parol. In any bench-tried case,

the trial court is the arbiter of the facts; he may believe or disbelieve any of the testimony in whole or in part, including uncontradicted testimony. This principle applies to dissolution of marriage proceedings. *Marriage of Baker*, 584 S.W.2d 449, 450[2] (Mo.App.1979). If it was ever true that appellate courts reviewed bench-tried cases de novo, that is no longer the case. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). Our review of the record creates no "firm belief" that the trial court's division of property was wrong or disproportionate, and therefore we cannot hold it was against the weight of the evidence. *Murphy v. Carron*, supra, 536 S.W.2d at 32[1–3].

■■■ The respondent further argues that no award of maintenance should have been made because the petitioner has sufficient property, including the marital property apportioned to her, to provide for her reasonable needs. We agree that an award of maintenance should be made only if the spouse's future needs cannot be met by his or her property distribution, *Spicer v. Spicer*, 585 S.W.2d 126, 129[3] (Mo.App.1979), but again the issue presented is one of fact. We have some reservation concerning the award of maintenance because some of the items divided and apportioned were not readily susceptible of precise valuation. Nevertheless, the judgment is presumptively correct, and the respondent has the burden to demonstrate that it is erroneous. *Pallardy v. Link's Landing, Inc.*, 536 S.W.2d 512, 515[2] (Mo.App.1976); *Weston v. Great Central Insurance Company*, 514 S.W.2d 17, 21[1–3] (Mo.App.1974). The respondent insists that the petitioner has the ability to work, and that she has unencumbered assets available which would produce an annual income in excess of $11,500. Petitioner insists that if her income is properly computed, she has no more than $400 per month available.

■■■ The difficulty with the argument that the first condition to an award of maintenance has not been established is that one must accept the respondent's valuation of the petitioner's assets. The evidence was in conflict. Upon the record

presented, the question whether the petitioner lacked sufficient property, including property apportioned to her, to provide for her reasonable needs, and thus had established the condition set down by § 452.-335, subd. 1(1), RSMo 1978, depended upon the extent of her interest in the family partnership, and the true value and availability of the assets assigned to her. These were matters to be determined by the trial court, and again, nothing the respondent has presented creates a "firm belief" in our minds that the order granting maintenance was wrong. The respondent's ancillary argument that maintenance should not have been allowed because petitioner "gave away" valuable property rights without consideration is based on an assignment of unspecified rights by the petitioner to her sister. The assignment, before us as respondent's exhibit 44, does not describe, except in most general terms, what petitioner purports to assign. The point is not sufficiently developed to permit proper review, much less the conclusion that petitioner deliberately released valuable rights to her sister for no consideration.

■ Respondent also argues that the trial court erred in failing to specify the period during which maintenance should have been allowed. The point is strained and tenuous. The trial court specifically awarded maintenance because it had confided principal custody of two minor children, two girls, one eight years of age, the other five, to the petitioner, and believed the petitioner should not be obliged to neglect her maternal duties by working outside the home. Reasonably construed, and considered in light of the court's continuing jurisdiction, the judgment requires payment of maintenance until the further order of the court. If the respondent has grounds to believe the order for maintenance should be modified, he may address the court by motion.

■ A further assignment of error is that the trial court erred in awarding the petitioner attorney's fees because petitioner had sufficient resources to pay those fees. It may well be that petitioner had the means to pay her attorney, but a showing of financial need is not an absolute prerequisite to an award of attorney's fees. The financial resources of the parties must be considered, but an award of attorney's fees is a matter in which the trial court has broad discretion. *Kieffer v. Kieffer,* 590 S.W.2d 915 (Mo.banc 1979). We find no abuse of that discretion here.

■ A further argument is that the trial court erred in denying the respondent's motion to open the judgment, take new testimony and make findings of fact concerning the amount contributed by the respondent to the marriage. It appears from the record that the trial court did consider some matters of oversight on the basis of the respondent's motion. The respondent admits that denial of his motion was within the discretion of the trial court, and again we find no abuse of discretion.

■ The final point made by the respondent is that the amount of child support allowed—$250 per month per child—is excessive. His argument is that the petitioner has sufficient means to provide for the children, an argument we have already rejected, and further that payment of the sum of $250 per month is beyond his present means. For the same reason such an argument was rejected in *Klinge v. Klinge,* 554 S.W.2d 474, 476–477[1, 2] (Mo. App.1977), we reject that argument here. It is unnecessary to elaborate.

For the reasons indicated, the judgment is in all respects affirmed.

BILLINGS, P. J., and MAUS, J., concur.