**In re the Marriage of Jody D. BONSKOWSKI, Appellant,**

v.

**Robert J. BONSKOWSKI, Respondent.**

No. 49601.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 17, 1985.

Motion for Rehearing and/or Transfer Denied Oct. 28, 1985.

Application to Transfer Denied Dec. 17, 1985.

---

Gunn & Gunn, Donald Gunn, Jr., Creve Coeur, Stolar, Heitzmann, Eder, Seigel &

Harris, Jane E. Adams and Jay L. Levitch, St. Louis, for appellant.

Alisse .C. Camazine and Daniel P. Card, II, St. Louis, for respondent.

CRIST, Judge.

Appeal from the decree of the circuit court dissolving the nine year marriage of the parties. Legal custody of the two children of the marriage, aged five and two at the time of the hearing, was awarded to husband. Joint physical custody of the children was ordered, with wife having custody one evening and three days per week. If she became employed, wife was ordered to pay husband twenty percent of her pay as child support, and her custody was to be reduced to two days per week. Wife attacks these portions of the decree, as well as the division of the equity in the marital residence and the division of some household property located in that residence. We affirm in part, and reverse and remand in part.

■ This custody order can best be viewed as equivalent to an award of primary custody to husband and temporary custody to wife. The record does not contain even a remote suggestion either party was an unfit parent. Ample evidence was present to support an award of legal custody· to wife, but the trial court chose to follow the ample evidence which indicated the best interest of the children would be served by an award of legal custody to husband. We must defer to the wisdom, experience and superior opportunity to see, hear and evaluate the witnesses possessed by the trial judge.

Wife has also attacked the division of the marital property. However, with reference to the division of that marital property and the custody award, the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value. The judgment relating thereto is affirmed in accordance with Rule 84.16(b).

Error is also asserted in the award of child support. Wife was ordered to pay husband twenty percent of her pay when and if she became employed. Wife claims this award is unsupported by the evidence. We are constrained to agree.

A factor to be considered in awarding child support is the financial condition, resources and needs of the non-custodial parent. Section 452.340(6) RSMo 1978. The evidence here showed wife was presently unemployed but attending classes in nursing, leading to her taking the state examination for her license. No evidence as to her prospects for employment, for what hours and at what pay was presented. While minimal evidence of her expenses was adduced, there is no showing of her ability to meet those expenses. As there was no evidence of her ability to pay, the award lacks an evidentiary basis. *Hopkins v. Hopkins,* 664 S.W.2d 273, 274[2, 3] (Mo. App.1984). Therefore, we reverse and remand the award of child support for further proceedings. The judgment, in all other respects, is affirmed.

DOWD, P.J., and CRANDALL, J., concur.