Marcus LIPE, Petitioner–Respondent,

v.

Lynne Marie LIPE,
Respondent–Appellant.

Nos. 52638, 52730.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 19, 1988.

Greg L. Roberts, Clayton, for respondent-appellant.

Leonard J. Frankel, Clayton, for petitioner-respondent.

SMITH, Judge.

Wife appeals in a dissolution action challenging the trial court award of joint legal and physical custody of the child of the marriage, the division of marital property, denial of maintenance to wife, and denial of attorney's fees to wife.[1]

The parties were married for five years and had one child. There was evidence of misconduct by both parties. Husband is a police officer and works rotating shifts which include weekends. His schedule is made up far in advance and he is aware several months ahead of time when his days off will be. The trial court awarded joint legal and physical custody with husband to have the child on his days off. He is required to notify wife a month ahead of time of when he will have custody of the child.

An award of joint custody is authorized by § 452.375 RSMo 1986 if it is in the best interests of the child. "Joint legal custody" means that the parents share the decision-making regarding important events in the child's life. § 452.375.1(1) "Joint physical custody" means that the child lives with each of his parents on an alternating basis. § 452.375.1(2). The court may award either or both. § 452.375.3. There is no presumption in favor of joint custody; it is simply an option. *S.R. v. S.M.R.*, 709 S.W.2d 910 (Mo.App.1986) [5]. In *Brisco v. Brisco*, 713 S.W.2d 586 (Mo.App.1986) [1, 2] the court set aside a joint custody award as against the best interests of the child. It stated there that "[b]efore a joint custody plan can be said to be in the best interests of the child, there should be some evidence in the record to support a finding that the parents are emotionally equipped to deal with each other as equal partners in the care of the child." This requirement would appear to be particularly apposite to an order for joint legal custody. In that situation the commonality of beliefs concerning parental decisions and the ability of the parents to function as a unit in making those decisions assume critical proportions. *Goldberg v. Goldberg*, 691 S.W.2d 312 (Mo.App.1985) [6]. The child must have parental guidance and unless that guidance has some uniformity it may well be worse than no guidance at all. The record here does not contain any evidence that these parents have such commonality of beliefs or that they

---

1. Both parties have filed motions to strike the brief of the other party and husband filed a motion to dismiss the appeal. Wife's brief contained the statements: "Judge Hais' wife has been opposing counsel on a number of contested cases handled by Greg L. Roberts, attorney for Appellant" and "Judge Hais may have been influenced by the fact that his wife has been opposing counsel on a number of contested cases handled by Greg L. Roberts, attorney for Appellant. There is no other reasonable explanation as to why Judge Hais simply signed the Respondent's findings verbatim." Those statements are ordered stricken. Such scurrilous pot-shots, unsupported by the record, have no place in judicial proceedings and tell us considerably more about counsel for the appellant than about the court. They come with particular bad grace here where the court offered to recuse itself if his wife's activities as a lawyer were a concern to either party, which offer was refused by appellant and by respondent. The remaining motions are denied.

are capable of functioning as a parental unit. The record reflects rather great antagonism including mutual violence to each other. *Kline v. Kline,* 686 S.W.2d 13 (Mo. App.1984) [4, 5]. There is no basis for concluding that they can work together in the exercise of "decision-making rights, responsibilities, and authority." § 452.375.1(1). We find the order granting joint legal custody is unsupported by substantial evidence and must be reversed and the issue remanded for determination of legal custody.

■ The joint physical custody award is not similarly unsupported. The evidence establishes that the father's work schedule makes a fixed custody or visitation schedule nearly impossible to decree. In order to "assure the child of frequent and continuing contact with both parents" it was reasonable to shape the decree in the fashion utilized by the trial court. While it is generally unwise to transfer custody frequently (*Brisco v. Brisco, supra*), the arrangement provided here is not unlike weekend custody awards, except it recognizes the father's unusual working conditions, and seeks to accommodate them. *Bonskowski v. Bonskowski,* 700 S.W.2d 99 (Mo.App.1985) [1]. The court found both parents fit custodians and that determination finds support in the evidence. We find no error in the provision for joint physical custody.

■ The parties married in 1980. Prior thereto they were social friends from approximately 1974. Wife contends they lived together from 1974; husband denies that. In 1977 husband purchased a home which subsequently became the marital home. Both names appeared on the deed. The trial court found that husband furnished the entire down payment for the purchase and the mortgage payments prior to marriage. Husband testified that he and wife helped each other out financially prior to marriage, and that when he sought to purchase the home she also signed the note and appeared on the deed because he could not obtain financing on his own. In August 1978 wife executed a quit-claim deed to husband of all interest in the home. This was part of a contract between the parties in which he released any interest he had in an automobile she had purchased with his assistance as a co-signer. The agreement provided that he refinance the home within 18 months in order to remove wife's name from those documents. Husband was unsuccessful in obtaining refinancing prior to the marriage which occurred 17 months after the agreement. After the marriage husband reasonably saw no reason to complete the refinancing.

The trial court awarded the home to husband as his separate property, but awarded the wife 50% of the marital interest in the property. The court utilized the formula set forth in *Herr v. Herr,* 705 S.W.2d 619 (Mo.App.1986) [6] to determine that marital interest. The wife attacks the award of the home as husband's separate property. Her contention is based upon her evidence that the home was acquired in contemplation of marriage and that she contributed money on the downpayment. *Bashore v. Bashore,* 685 S.W.2d 579 (Mo.App.1985). Her evidence was contradicted by that of husband that marriage was not contemplated at the time of the purchase and that only his money was used. The court resolved this factual dispute in favor of husband and that finding is fully supported by the evidence. The formula utilized to determine wife's marital interest was proper as held in *Herr, supra.* We find no error in the distribution of the home.

■ Wife also challenges the failure of the court to award her maintenance. She was employed before and throughout the marriage. The evidence reflects she can and does support herself and the denial of maintenance was within the court's discretion. We find no abuse of that discretion. The same is true of the court's denial of attorney's fees.

Judgment awarding joint legal custody is reversed and cause remanded for award of legal custody. In all other respects the decree is affirmed.

KAROHL, P.J., and KELLY, J., concur.