**Carolyn A. MASSMAN, Respondent,**

v.

**Andrew A. MASSMAN, Appellant.**

**No. 53590.**

Missouri Court of Appeals, Eastern District, Division Five.

May 10, 1988.

Paul Trees Graham, Jefferson City, for appellant.

Jerry Wayne Venters, Jefferson City, for respondent.

SIMEONE, Senior Judge.

This is an appeal by appellant, Andrew A. Massman, (husband) from a final judgment of the circuit court of Osage County dated August 4, 1987 decreeing that the parties, Carolyn A. Massman (wife) and Andrew A. Massman be legally separated pursuant to § 452.305.2, R.S.Mo., 1986, and granting the parties joint legal custody of the minor child. We reverse and remand.

Husband appeals contending that the trial court erred in entering its decree of joint legal custody of the minor child for the reason that there was no substantial evidence to support the decree. The respondent, Carolyn Massman, argues and also contends that the court erred in granting joint legal custody of the child because there was no substantial evidence to support the award of joint legal custody, and urges this court either to reverse the decree and remand the cause with directions to award sole legal and physical custody of the minor child to her, or alternatively to enter judgment awarding legal custody of the child to her. Rule 84.14. Both parties, therefore, urge this court to reverse the decree.

The standard of review in this award of joint legal custody is the same as any appeal in family law cases. The decree of the trial court must be sustained unless there is no substantial evidence to support it, or unless it is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Since *Murphy v. Carron*, appellate courts do not review court-tried cases *de novo*. *See In re Marriage of Jackson*, 592 S.W.2d 875, 877 (Mo. App.1980). In a court-tried case, the trial court is the arbiter of the facts; it may believe or disbelieve any of the testimony in whole or in part, including uncontradicted testimony. *Marriage of Baker*, 584 S.W.2d 449, 450 (Mo.App.1979). *Jackson, supra*, 592 S.W.2d at 877. The award of joint custody is discretionary.

■ The concept of joint legal custody is "but another arrow in the quiver of solutions for trial judges." Courts should not be constrained to order joint custody "just because the parties so stipulate or agree; similarly one of the parents should not be able to veto such a court decision by failure to agree or failure to cooperate with the joint custody determination." *Kline v. Kline,* 686 S.W.2d 13, 17 (Mo.App.1984).

■ In a case of this kind, joint custody is an "option," and the trial court's findings, on matters of custody, control unless the appellate court is convinced that the welfare of the child requires some other disposition. *Kline, supra,* 686 S.W.2d at 18.

We view the case from the standpoint of whether there was substantial evidence in the record to support a finding of joint legal custody, regardless of whether one of the parties vetoes or disagrees with the findings of the trial court and "confesses" error.

The parties were married on June 5, 1982 and separated on April 15, 1986. One child was born of the marriage—Christopher Leo—on June 12, 1984. Almost from birth, Christopher was subject to ear infections. On May 23, 1986, wife filed her petition for dissolution and prayed for sole custody of Christopher. Husband answered and prayed for a decree of legal separation and sought sole custody of the child. On November 12, 1986, an evidentiary hearing was held. On February 20, 1987, the court entered a non-final decree of legal separation and decreed that the parties have "joint legal custody of the minor child, Christopher Leo Massman," with primary physical custody awarded to wife. On May 20, 1987, husband moved to modify the decree of legal separation alleging substantial changes in circumstances which arose subsequent to the decree and alleging that wife failed and continued to fail to provide for the needs of the child and prayed for sole custody. On June 3, 1987, wife moved to modify the decree of legal separation into a decree of dissolution, and also moved to modify the decree to award her sole custody, alleging that the parties are "un-able to adequately communicate and cooperate with respect to the rearing of the minor child and therefore joint legal custody" is not viable or workable.

On July 21, 1987, a hearing was held on the various motions at which the parties and various witnesses testified.

On August 4, 1987, the court entered its final decree of legal separation and ruled on the various motions. The court decreed that the parties be legally separated, overruled the various motions and awarded joint legal custody of Christopher to the parties with respect to the care, custody, control and education. The decree awarded primary physical custody to the wife with liberal visitation rights to the husband. The decree directed the parties (1) to use their best efforts to foster the respect, love and affection of the child toward each parent, (2) to cooperate in implementing a relationship with the child that will give the child a maximum feeling of security, and (3) to confer with one another in the exercise of the decision-making rights, responsibilities and authority regarding the child's training, education and rearing including church, school, physicians and all other marital decisions affecting the welfare of the child.

■ An award of joint custody is authorized by § 452.375, R.S.Mo.1986, if it is in the best interest of the child. "Joint legal custody" means that the parents share the decision-making regarding the health, education and welfare of the child and all the important events in a small child's life. Section 452.375.1(1). "Joint physical custody" means that the child lives with each of the parents on an alternating basis. Section 452.375.1(2). The court has the option to award either or both. Section 452.375.3. There is no presumption in favor of joint custody; there is only an option. *S.R. v. S.M.R.,* 709 S.W.2d 910, 915 (Mo.App.1986).

In *Brisco v. Brisco,* 713 S.W.2d 586 (Mo. App.1986), the court set aside a joint custody award as not in the best interests of the child. The court held:

Before a joint custody plan can be said to be in the best interests of the child,

there should be some evidence in the record to support a finding that the parents are emotionally equipped to deal with each other as equal partners in the case of a child.

*Brisco, supra,* 713 S.W.2d at 590.

The commonality of beliefs concerning parental decisions and the ability of the parents to cooperate and function as a parental unit for the welfare of the child are critical to the best interests of the child. In *Lipe v. Lipe,* 743 S.W.2d 601 (Mo.App. 1988), this court reversed a joint legal custody award because of the lack of commonality of beliefs concerning parental decision-making. We said that "[t]he child must have parental guidance and unless that guidance has some uniformity it may well be worse than no guidance at all." *Lipe, supra,* 743 S.W.2d at 602.

A joint legal custody arrangement has an attractive and laudable goal. The belief, espoused by the General Assembly, that children of divorced or legally separated parents need to have frequent and continuing contact with both parents is a good one. *See* Dodson, *Joint Custody in Missouri,* 31 St. Louis U.L.J. 111 (1986). Such an arrangement of joint legal or physical custody presupposes cooperative contacts and decision-making on the part of the parents. "While the statute does not expressly require agreement of the parents as a prerequisite to an award of joint custody, the plan is not likely to be in the child's best interests if the parents cannot 'agree to agree.'" *Brisco, supra,* 713 S.W.2d at 589.

■ The complete record here—the various motions, hearings, and testimony— shows that there is a lack of substantial evidence to support an award of joint legal custody. The record does not show that these parties have "such commonality" of beliefs, or that they can cooperate with each other or that they can make shared decisions relating to the health, education and welfare of this "sensitive, loving child." The record, as contended by both parties on appeal, is devoid of substantial evidence that the parties are capable of functioning as a parental unit. Rather, the record reflects a lack of joint decision-making concerning the health and welfare of the child. There is, therefore, an insufficient basis for the conclusion, as laudable and desirable as it may be, that the parties can work together in the cooperative exercise of "decision-making, rights, responsibilities and authority." Section 452.375.-1(1).

At the July 21, 1987 hearing on the various motions, the husband adduced evidence about the wife's attitude toward medical care for the child, about day care, and physical examinations and medical treatment for Christopher.

The wife testified that she saw no likelihood that she and her husband could agree on "visitation and other arrangements and major decisions." The parties "just can't get along with each other well enough."

The record is replete with complaints about the medical attention afforded the child, and that decisions were made by one party without consultation of the other. Other disagreements concerned whether there should be the use of day care facilities or a baby sitter, child support, payment of medical bills, and day care expenses. Throughout the record, the evidence shows that the parties failed to communicate and cooperate. The best interests of the child are not served by a court directing or ordering "cooperation" and "communication" and "joint decision-making." While there is some evidence that the parties have a mutual concern for the child's proper medical attention, that the parties have similar religious affiliation, and that the parties share the belief that the child should have regular contact with each parent, there is no substantial evidence to support an award of joint legal custody.

Prior to the November 12, 1986 hearing on the original petition and answer, the parties had agreed that if a decree was entered, the court could award the parties joint legal custody. This was so stated in the record at the November, 1986 hearing. The original decree of February 20, 1987 so provided. But later various motions were filed—the husband's motion to modify because of changed circumstances and the

mother's motion praying for sole custody alleging that the parties were unable adequately to communicate and cooperate with respect to the rearing of the child. The July 21, 1987 hearing was primarily concerned with which parent was doing a "better job" or capable of doing a better job for the child's welfare, and not whether the parties share decision-making, responsibility and authority regarding the child's welfare.

We conclude that the order granting joint legal custody is unsupported by substantial evidence and should be reversed and remanded for a determination of the legal custody of the minor child. Although the trial court commented that the parties were "good people" and that it wanted to continue the "joint legal custody" plan of the original, non-final, decree for a while, the decree of August, 1987 is unsupported by substantial evidence as to the award of joint legal custody. We decline to exercise the authority embodied in Rule 84.14. The trial court is in a much better position to deal with matters of legal and physical custody than a reviewing court.

The judgment awarding joint legal custody is reversed and the cause remanded for a determination of an award of sole legal custody.

SATZ, C.J., and CARL R. GAERTNER, J., concur.