Carolyn A. MASSMAN,
Petitioner–Respondent,

v.

Andrew A. MASSMAN,
Respondent–Appellant.

No. 56665.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 20, 1990.

Michael P. Riley, Jefferson City, for respondent-appellant.

Jerry Wayne Venters, Jane Rackers, Jefferson City, for petitioner-respondent.

CARL R. GAERTNER, Judge.

Andrew Massman (husband) appeals from a decree of dissolution of marriage wherein the trial court granted sole physical and legal custody of the parties' minor child to Carolyn Massman (wife). We affirm.

The parties were married on June 5, 1982. Christopher Leo, the only child of the marriage, was born on June 12, 1984. On May 23, 1986, wife filed her petition for dissolution and husband answered with a petition for legal separation. Both prayed for sole custody of Christopher. On August 4, 1987, the trial court entered a decree of legal separation and awarded joint legal custody with primary physical custody in wife. Both parties appealed that order. This court reversed and remanded the cause for a determination of sole legal custody. *Massman v. Massman,* 749 S.W.2d 717 (Mo.App.1988). (hereinafter *Massman* I) A hearing was held on October 3, 1988, and in the trial court's order of March 28, 1989, the decree of legal separation was converted to a decree of dissolution. The order also gave wife sole legal and primary physical custody of Christopher. Husband appeals the award of sole legal and physical custody.

A dissolution decree will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The reviewing court accepts as true all evidence and inferences favorable to the trial court's decision and disregards all evidence to the contrary. *Morgan v. Morgan,* 701 S.W.2d 177, 179 (Mo.App.1985). If findings of fact and conclusions of law are neither requested nor given below, we presume all fact issues to have been decided in accordance with the decree. Rule 73.-01(a)(2); *Heermance v. Heermance,* 706 S.W.2d 548, 550 (Mo.App.1986).

Husband first contends the trial court erred in granting sole custody of Christopher to wife because such award was not in the child's best interest. He bases this contention primarily on the fact that wife was involved with another man, and bore his child, after the separation but before the decree.

Although morals are a factor to consider in determining custody, sexual misconduct is not sufficient in and of itself to deprive a parent of custody. *Hartig v. Hartig,* 738 S.W.2d 160, 161 (Mo.App.1987); *M.B. v. J.W.B.,* 628 S.W.2d 358 (Mo.App. 1981). "The issue is not condemnation or approval of a moral standard but whether the conduct is detrimental to the child's welfare." *In re Marriage of Newberry,* 745 S.W.2d 796, 797 (Mo.App.1988). There must be evidence that the parent's conduct has had or will have an adverse impact on the child. *Id; Rising v. Rising,* 608 S.W.2d 510, 512 (Mo.App.1980).

Here, the evidence is that wife provides Christopher with adequate care. There is no evidence her relationship with the other man has caused Christopher to be neglected or to suffer any adverse effects. Wife intends to marry her boyfriend when legally able to do so. The trial court interviewed Christopher and found him to be well-adjusted. Husband pointed out that Christopher did not gain any weight in a year's time, but he did not take Christopher to a doctor to discover the cause. The rest of husband's evidence concerned the anticipated remarriage of wife. The evidence amply supports the trial court's determination that continuation of the existing situation is in Christopher's best interest. We find no abuse of discretion by the trial court in refusing to indulge in speculation concerning the possibility of problems in the future. Point denied.

Husband next contends the trial court erred in not considering joint custody because § 452.375 RSMo (Supp.1989), which

was amended after our opinion in *Massman* I, created a statutory presumption in favor of joint custody, and because the relationship of the parties has changed so as to make joint custody feasible.

Section 452.375 RSMo. (Supp.1989), approved on July 5, 1989, reads in pertinent part:

3. The general assembly finds and declares that it is the public policy of this state to assure children frequent and meaningful contact with both parents after the parents have separated or dissolved their marriage, and that it is in the public interest to encourage parents to share decision-making rights and responsibilities of child rearing. In order to effectuate this policy, the court shall determine the custody arrangement which will best assure that parents share such decision-making responsibility and authority and such frequent and meaningful contact between the child and each parent, as is indicated in the best interests of the child under all relevant circumstances.

4. Prior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:

(1) Joint custody to both parents, which shall not be denied solely for the reason that one parent opposes a joint custody award;

(2) Sole custody to either parent; or

(3) Third party custody ...

■■■ One exception to the general rule that statutes are not applied retrospectively is where statute is procedural. *State ex rel. Webster v. Cornelius*, 729 S.W.2d 60, 65 (Mo.App.1987). Husband argues the amended portions of § 452.375 are procedural and create a presumption in favor of joint custody. He contends that in light of our opinion in *Massman* I, the trial court did not even consider joint custody, and we should therefore reverse and remand with instructions to reconsider joint custody. We need not address the issue of whether § 452.375 is procedural or whether it creates a presumption. In the absence of findings of fact and conclusions of law we

assume all facts were decided by the trial court in keeping with the judgment. *Heermance*, 706 S.W.2d at 550. We found in *Massman* I that there was no evidence to support joint custody. The record in this case reveals continuing animosity between the parties and different child-rearing philosophies. There is still no evidence to support an award of joint custody. Point denied.

Husband's final point concerns his visitation privileges. He asserts the trial court erred in reducing his visitation without a showing of changed circumstances, because our mandate in *Massman* I did not order any change in visitation. He also alleges the reduced visitation violates § 452.375(3).

■■■ Husband's characterization of this proceeding as a modification is misguided. Reversal of the decree in *Massman* I rendered it a nullity. *In re M____*, 446 S.W.2d 508, 511 (Mo.App. 1969). Thus, there was no decree to modify. We therefore look to whether there is substantial evidence to support the visitation award and whether it is in keeping with the guidelines of § 452.375(3). The answer to both is in the affirmative. The only significant difference in the visitation awards between decrees was the absence of visitation during the week. The record shows that Christopher, now age five and one-half, will soon begin school full time. There is also evidence that the day care center he was enrolled in provided instruction in letters, numbers and so forth, and if he missed many days he would fall behind. The previous decree ordered husband to exercise week-long visitation every other month. Husband and wife do not live in the same community, and husband testified it was inconvenient to get Christopher to the day care center. He planned to leave Christopher with a neighbor during working hours. We find no abuse of discretion in rearranging visitation around school hours. The visitation award still allows husband to spend almost one-third of the year in the company of his son. We find this is well within the mandate of "assur[ing] children frequent and meaningful

contact with both parents" pursuant to § 452.375(3). Point denied.

The judgment of the trial court is affirmed.

HAMILTON, P.J., and STEPHAN, concur.