Rosalie OWENS, Respondent,

v.

Otto C. OWENS, Appellant.

No. 18790.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 1, 1994.

Scott R. Pettit, Pettit & Pettit, P.C., Aurora, for respondent.

Patricia J. Shilling, Metzger & Shilling, Ozark, for appellant.

PREWITT, Judge.

Appellant appeals from denial of his "Motion to Set Aside Judgment" filed on February 23, 1993. The motion requested the court set "aside any judgment entered herein." The trial court entered a decree of dissolution October 24, 1991, dissolving the parties' marriage and dividing their assets in accordance with their "Marital Settlement and Separation Agreement" dated September 9, 1991.

The first point in appellant's brief states:

"The trial court erred in finding that appellant's motion to vacate judgment was filed out of time in that the qualified domestic relations order was entered September 18, 1992 and appellant's motion to set aside judgment was filed within one year on February 23, 1993."

The trial court did not strictly find, as stated in the point, that the motion to vacate "was filed out of time". The court determined that under Rule 74.06(c) the motion must be made "not more than one year" for certain grounds stated in Rule 74.06(b)(1), (2), and (3).

The rule provides that for certain reasons the motion be filed "not more than one year after the judgment or order was entered." Rule 74.06(c). Appellant sought to set aside the judgment. The date of a qualified domestic relations order does not extend that time. More than one year had passed since the judgment complained of was entered. Point one is denied.

Defendant's other point states:

The trial court erred in determining there had been no change of circumstance sufficient to show that it is no longer equitable that the judgment remain in force in that appellant (husband) had suffered an emotional breakdown, was employed only part-time with his annual earnings being less than the retirement benefits assigned to wife and the retirement benefits had increased more than twenty-five percent and that at the time of entry of the decree of dissolution appellant (husband) was hard of hearing, emotionally unstable and thought himself to be represented by respondent's (wife's) attorney.

Review of this point is under Rule 73.01(c). It requires that we affirm the trial court's order unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or erroneously applies the law. *In re Marriage of Goostree,* 790 S.W.2d 266, 267 (Mo.App.1990). "Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2). *See also Lin v. Lin,* 834 S.W.2d 224, 227 (Mo.App.1992).

In some respects the first part of appellant's point seems more akin to a motion to modify than a motion to vacate a judgment. However, the reference to the judgment being "no longer equitable" apparently comes from Rule 74.06(b). Nevertheless, appellant had the burden of proof to

convince the trial court that he was entitled to relief. *In re Marriage of Baker*, 584 S.W.2d 449, 450 (Mo.App.1979).

 The trial judge, judging the credibility of the witnesses, apparently determined that appellant did not meet his burden of proof. Deferring to the trial judge's opportunity to observe and hear the testimony, we find no error.

Respondent's motion to dismiss the appeal is denied. The order appealed from is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.