Lisa Ann SHOCKLEY,
Petitioner/Appellant,

v.

Steve Wayne SHOCKLEY,
Respondent/Respondent.

No. 65054.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 6, 1994.

Tom K. O'Loughlin, II, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for appellant.

Jeffrey Phillip Dix, Jackson, for respondent.

REINHARD, Judge.

Mother appeals from the trial court's order modifying child custody and visitation terms of an August 22, 1990 decree of dissolution. We affirm in part, and reverse in part.

In the August 22nd dissolution decree, mother was awarded legal and primary physical custody of A.A.S., born January 12, 1989 (the sole child born of the marriage). Father was granted visitation rights with child every Tuesday from 8 a.m. until 5 p.m., and on alternating holidays from 8 a.m. to 5 p.m. Father was also entitled to two weeks visitation (upon four weeks notice) every summer.

On March 25, 1993, father filed a Motion to Modify the dissolution decree. He sought, inter alia, joint physical and legal custody of child, and a change in the weekly day of visitation.[1] Following a hearing, the court entered a modification order which made mother and father joint legal custodians of child and changed the weekly visitation in the manner sought by father.

In mother's sole point on appeal, she contends that the trial court erred and abused its discretion in granting father joint legal custody and overnight visitation. She has no complaint as to other visitation modifications. Father has not favored us with a brief.

Without detailing the evidence, we conclude that under our standard of review as stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), the trial court did not err in ordering a change in the contested visitation provision.

The court did err, however, in its modification of the decree regarding legal custody. "Joint legal custody" means that the parents share decision making regarding the health, education and welfare of the child. *Gulley v. Gulley*, 852 S.W.2d 874, 876 (Mo. App.E.D.1993); § 452.375, RSMo Supp.1993. In making a joint legal custody determination, "the commonality of beliefs concerning parental decisions and the ability of the parents to function as a unit in making those decisions assume critical proportions." *Lipe v. Lipe*, 743 S.W.2d 601, 602 (Mo.App.1988).

In *Lipe*, we held the trial court erred in awarding joint legal custody to the parents where there was "no basis for concluding [the parents could] work together in the exercise of 'decision-making rights, responsibilities, and authority.'" *Id.* at 603 (quoting § 452.375.1(1), RSMo 1986). There is similarly no basis here to support a conclusion that mother and father could work together in making child-related decisions. The relationship between the parents here is extremely acrimonious, and father acknowledged this situation was "ongoing."

In *Gulley*, *supra*, we affirmed a trial court's order of joint legal custody despite evidence of personal acrimony between the parents where there was "no indication that the parties were not emotionally equipped to cast those feelings aside when making decisions concerning the child's upbringing." *Id.* at 876; *see, also, Luther v. Vogel*, 863 S.W.2d 902, 904 (Mo.App.1993). Here, there was ample evidence the parties could not set aside their personal acrimony in making child-related decisions—and literally no evidence they could. They have shown little willingness to communicate on any matter,[2] much less their child's well-being. They have constantly bickered as to virtually all matters relating to the child. On one occasion, mother, for what appears to be no reason, had security officers remove father

---

1. Father claimed a change in his work circumstance had rendered the Tuesday visitation "extremely difficult, or next to impossible". He sought to change the weekly visitation day to Sunday (beginning at 8:00 a.m. and ending the following Monday morning at approximately 8:00 a.m.).

2. Mother had her telephone number changed to an unlisted number and concealed the number from father, because she said she was getting prank phone calls late at night from father's family. She also claimed that, prior to the modification motion, she had been unaware of father's telephone number or address.

from the hospital where child was having an operation.

In short, there is no basis for concluding that the parties can function as a decision-making unit regarding the child's health, education and welfare. Thus, the trial court's modification order regarding joint legal custody is unsupported by substantial evidence and must be reversed. Our disposition renders an examination of mother's other arguments regarding joint legal custody unnecessary.

The trial court's order granting joint legal custody is reversed; we affirm in all other respects.

GARY M. GAERTNER and CRAHAN, JJ., concur.