R.E.G., E.K.G. and N.G.H.,
Plaintiffs–Appellants,

v.

E.K.H., Jr., Defendant–Respondent.

No. 54695.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 1988.

Michael A. Forst, St. Louis, for plaintiffs-appellants.

Edward Kohl Handlan, Jr., St. Louis, pro se.

PER CURIAM.

Mother appeals from the trial court's order awarding her child support, denying her reimbursement for past expenses, and denying her attorney's fees. We reverse and remand.

Mother and her twin sons, with mother acting as next friend, filed a paternity suit in 1984. Father initially denied, but after considerable legal skirmishing, admitted paternity. He agreed to pay $160 per month per child in support, and the court entered a temporary order incorporating

the agreement and awarding custody to mother. The court heard the case on August 26, 1987, and entered its findings of fact, conclusions of law and order on December 14, 1987. Having found no evidence that the temporary award was insufficient, the court ordered father's child support contribution to be $320 per month. The court denied mother's reimbursement claim and her request for attorney's fees. Our review is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In 1987, the legislature adopted the Uniform Parentage Act (UPA), §§ 210.817–210.852, RSMo Supp.1987. Section 210.-841.5 sets forth the factors for determining child support and is similar to § 452.340 of the Dissolution of Marriage Act.

■ The UPA is inapplicable to this case as mother's petition was filed before the Act's effective date, July 15, 1987. However, we are constitutionally required to apply the same child support standards to cases involving illegitimate children as applied to cases involving children born of a lawful marriage:

> The decisions of the United States Supreme Court compel the conclusion that the proper construction of our statutory provisions relating to the obligations and rights of parents ... afford illegitimate children a right equal with that of legitimate children to require support by their fathers. Prior cases to the contrary are no longer to be followed.

R____ v. R____, 431 S.W.2d 152, 154 (Mo. 1968). Furthermore, in B____ v. B____, 673 S.W.2d 819 (Mo.App.1984), a case decided before adoption of the UPA, we held that a court should consider the six factors enumerated in § 452.340, including the father's primary responsibility to support his child, in determining the amount of support in a paternity case.

■ Additionally, the custodial parent of an illegitimate child is entitled to the legal remedy of reimbursement for the reasonable value of expenses incurred on behalf of the minor child. *McNulty v. Heitman*, 600 S.W.2d 168, 172 (Mo.App.1980).

■ We conclude as to child support that the trial court erroneously applied the law. In ordering father to pay $320 per month, the court observed, "[t]here was no evidence presented showing that the previous amount ordered was insufficient to meet [father's] contribution to the support of the minor children." Custodial parents seeking child support are not required to establish the insufficiency of previously entered temporary awards. Instead, they establish their right to child support by presenting evidence relevant to the six factors in § 452.340. Reviewing the entire record in light of these factors, we conclude the evidence supports an award greater than that ordered by the trial court. We therefore remand the case to the trial court for a redetermination of father's child support contribution.

■ The evidence mother presented on the issue of reimbursement for past expenses was voluminous, including over 500 exhibits such as cancelled checks, receipts and bills. This evidence was virtually uncontradicted by father. In denying the claim for reimbursement, the court made two observations. First, the court noted mother had made no demand, prior to filing her petition, "that these amounts be paid by [father]." Second, the court observed that, after the birth of the children, mother lived with "individuals on an overnight basis," none of whom contributed to the children's support. Both observations are irrelevant. First, demand is not a prerequisite to a legal claim for reimbursement, and any concerns about delay are foreclosed by *McNulty* because 1) laches is no defense to such a claim and 2) here, as in *McNulty*, the statute of limitations was not affirmatively pleaded. *McNulty*, 600 S.W.2d at 172, 173. Second, any other individuals with whom mother might have lived are not obligated to support father's children; he is. The trial court, in denying reimbursement, misapplied the law; thus we remand for a determination of the amount to be awarded.

■ Finally, we conclude the trial court erred in failing to award mother attorney's fees and costs. The record supports a find-

ing that a significant percentage of mother's fees were the result of the aforementioned legal maneuvering by father. Further, attorneys fees and costs are recoverable in suits for paternity and child support. *McNulty*, 600 S.W.2d at 174. Because there was no allocation of that part of the fees and costs attributable to the paternity/child support action, and that part attributable to the action for reimbursement, we remand the case to the trial court for a determination of those amounts.

Reversed and remanded.